IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INS. CO.**, | : | Case No. 1:05cv574 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| vs. | : | ORDER GRANTING |
| | : | DEFENDANT'S MOTION FOR |
| **UNITED STATES OF AMERICA**, | : | SUMMARY JUDGMENT |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 6) and the Memorandum of Nationwide Mutual Insurance Company in Opposition to Defendant's Motion for Summary Judgment (doc. 11).  For the following reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

I.     FACTS

This case arises from an August 1, 2003 motor vehicle accident between a U.S. Postal Service vehicle, driven by Postal Service employee Robert Vierling, and a vehicle owned by James Emmerling and driven by Rhonda M. Emmerling in the City of Hamilton, Butler County, Ohio.  Nationwide Mutual Insurance Company (hereafter "Nationwide") had a contract of insurance on James Emmerling's motor vehicle on the accident date.  (Doc. 1 ¶ 1).

On August 14, 2003, the U.S. Postal Service sent Nationwide two letters concerning the accident.  One included claims forms and enumerated instructions for filling out those forms with respect to both property damage and personal injury.  (Doc. 6 Attach. 1 ("Sanders Decl.") Ex. E.)  The other explained that the claim would be handled in accordance with the Federal Tort Claims Act ("FTCA") and included, in bold type, the language: "**Partial and/or supplemental**


**claims are not considered.**" (Sanders Decl. Ex. F.)

On September 9, 2003, Nationwide sent a letter to the Postal Service requesting payment of its subrogation claim in the amount of $153.70. (Sanders Decl. Ex. A). Nationwide's letter stated, in part, "[w]e consider the total amount due listed above to be payment in full, but will promptly notify you if we incur any additional costs." (*Id.*) On September 29, 2003, the Postal Service sent Nationwide a check in the amount of $153.70 accompanied by a letter that provided that the payment represented the full amount of the claim. (Sanders Decl. Ex. B.) The letter further explained: "The enclosed check/money order operates as a complete release of any claim against the United States Postal Service and against the employee of the Government whose act or omission gave rise to the claim by reason of the same subject matter." (*Id.*) Nationwide cashed the check. (Sanders Decl. ¶ 8.)

Approximately three months later, on January 7, 2004, Nationwide submitted an additional subrogation claim arising out of the same accident to the U.S. Postal Service. In this letter, Nationwide claimed a loss of $4,000.00 for medical bills of Rhonda Emmerling, driver of Nationwide's insured car. (Sanders Decl. Ex. D). The U.S. Postal Service denied Nationwide's request for additional payment, relying on the fact that its earlier $153.70 payment was "full and final settlement of the claim you submitted." (Sanders Decl. Ex. G.)

## II.      STANDARD GOVERNING MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, the moving party has the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be

drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The moving party may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 242, 257 (1986). The nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

**III. ANALYSIS**

The U.S. Postal Service argues that Nationwide's cashing of the United States' $153.70 check operated as a "complete release of any claim against the United States Postal Service" for the accident involving Nationwide's insured and the Postal Service employee because the letter accompanying the check so specified. (Doc. 6 at 3 (quoting Sanders Decl. Ex. B).) Nationwide responds that the United States remains liable for the additional claim for medical expenses because it is based on newly discovered evidence and intervening facts, namely, Rhonda Emmerling's medical bills. (Doc. 11 at 2.)

Tort actions against the United States alleging negligence by a Government employee are within the ambit of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The FTCA requires that an injured party first present the claim to the appropriate federal agency. 28 U.S.C. § 2675. If the federal agency denies the claim, then the injured party may institute a legal action. *Id.*

However, any action brought under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon *newly discovered evidence* not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of *intervening facts*, relating to the amount of the claim. 28 U.S.C. § 2675(b) (emphasis added).

The burden is on the claimant to show the existence of intervening facts or newly discovered evidence. *Allgeier v. United States*, 909 F.2d 869, 877 (6th Cir. 1990); *Kielwien v. United States*, 540 F.2d 676, 680 (4th Cir. 1976). "To meet this burden, a plaintiff must show that the new evidence or intervening fact was not reasonably capable of detection at the time the administrative claim was filed. The plaintiff is required to demonstrate that the new information could not have been discovered through the exercise of reasonable diligence." *Norrell v. United States*, No. 1:00-CV-303, 2002 WL 32060141, *3 (E.D. Tenn. Aug. 1, 2002) (citing *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 475-76 (5th Cir. 2002); *Lebron v. United States*, 279 F.3d 321, 330 (5th Cir. 2002)).

The Sixth Circuit has adopted a strict interpretation of § 2675(b), holding that the term "intervening fact" should be construed to require that it be "unexpected" or "unforeseen." *Allgeier*, 909 F.2d 878. The *Allgeier* court found that a strict interpretation of the statutory language requiring an intervening fact to be unexpected or unforeseen is more consistent with the purpose behind § 2675(b), which is to ensure that federal agencies charged with the responsibility of making initial decisions whether to settle tort claims against the United States government are given notice of the maximum potential liability. *Norrell*, 2002 WL 32060141 at *4 (citing *Allgeier*, 909 F.2d at 877-79).

There is no dispute that the amount of the claim Nationwide presented to the U.S. Postal Service was $153.70.  (*See* claims letter from Nationwide stating of the $153.70, "[w]e consider the total amount due listed above to be payment in full" at  Sanders Decl. Ex. A.)  The United States did not deny the claim but paid it pursuant to the FTCA.  It unequivocally informed Nationwide that the $153.70 check was "a settlement check" that represented "the full amount of your claim."  (Sanders Decl. Ex. B.)  Nationwide cannot now seek from the United States any sum in excess of the amount of the $153.70 claim presented.

Nationwide's argument that the second claim of $4,000.00 was based on "newly discovered evidence" and "intervening facts" is without merit.  Nationwide has presented no evidence whatsoever that Ms. Emmerling's need for medical care was "unexpected" or "unforeseen" at the time it submitted its claim, which it chose to do a mere five months after the accident.  Under the precedent of *Allgeier*, Nationwide cannot now seek to recover under the FTCA for these apparently foreseeable expenses.  Knowing that it would not be entitled under the FTCA to pursue a claim for any amounts in excess of the claim it presented to the Government, Nationwide could have waited to submit its claim until after it had evidence supporting Ms. Emmerling's medical expenses–evidence it obviously had by the time it submitted its second request for payment five months after the accident.  (*See* Sanders Decl. Ex. D.)

Furthermore, the letter accompanying the Government's check expressly provided that the check operated as a "complete release of any claim against the United States Postal Service." (Sanders Decl. Ex. B.)  It was Nationwide's choice to cash the check and accept the attendant release.  Under Ohio law,

> [a] release may be avoided where the releasor can establish by clear and convincing evidence that it was executed by mutual mistake, as between himself and the releasee, of a past or present fact material to the released, as where there was a mutual mistake as to the existence of any injury of the releasor, unless it appears further that the parties *intended* that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished.

*Sloan v. Standard Oil Co.*, 177 Ohio St. 149, syllabus ¶ 1, 203 N.E.2d 237 (1964).  Nationwide has presented no evidence whatsoever that there was mutual mistake as to the scope of the claim paid by the Government.  To the contrary, Nationwide expressly indicated that it "consider[ed] the total amount due listed above [of $153.70] to be payment in full . . ." and the Government expressly indicated that its $153.70 check "represent[ed] the full amount of [Nationwide's] claim."  Thus, when Nationwide accepted the release incident to its cashing of the check, it indicated its acceptance that the release was intended to apply to claims for all injuries, whether known or unknown.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 6) is **GRANTED.**  This case is hereby **TERMINATED** from the docket of this Court.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge